E. J. BECCHETTI v. ARNT R. BAKKE.

142 N. W. (2d) 288.

April 29, 1966—No. 40,009.

*Philip John Bloedel* and *Bloedel, Sundberg, Slade, Volstad & Berry,* for appellant.

*Jerry Rosenzweig,* for respondent.

KNUTSON, CHIEF JUSTICE.

This is an appeal from a judgment entered pursuant to findings of fact, conclusions of law, and order for judgment in favor of plaintiff after a trial without a jury.

Plaintiff originally commenced this case against Arnt R. Bakke and Walter J. Gaertner, alleging in his complaint that they were jointly and severally indebted to him in the sum of $2,400 for work, labor, and services performed by him for the defendants and each of them at their special instance and request. After the commencement of the action the defendant Gaertner died and a claim was filed against his estate by plaintiff. By agreement of the remaining defendant and plaintiff the case was dismissed as to him. A separate answer was interposed by defendant Bakke in which he admits that he hired plaintiff for certain work, labor, and services and alleges that plaintiff agreed that the total amount for such work, labor, and services would be the sum of $1,000.

The case went to trial against defendant Bakke alone and the only issue tried was the amount due plaintiff. It was conceded that plaintiff, an architect, had prepared the plans for two apartment buildings that the defendants contemplated building. It was plaintiff's claim that he was to be paid $1,200 for the plans for each building. Defendant admitted that the plans were prepared and were delivered to him, but disputed the amount which was to be paid for the work done. It was agreed that $500 had been paid on the contract. The trial court accepted plaintiff's version of what the agreement was and found in his favor for the sum of $1,900.

On appeal defendant seeks to raise a number of questions that were

not within the pleadings; were not within the issues tried; and were never presented to the trial court. Obviously that cannot be done. On the theory on which the case was tried, the evidence amply sustains the court's findings as to the amount due and must be affirmed.

The only other question before us involves the admissibility of two documents prepared by plaintiff. It was his testimony that after the parties agreed orally on the work to be done and the price to be paid for it he reduced the oral contract to writing and left the written instruments with defendant for his signature. Defendant disputes that this was done, but the court was justified in accepting plaintiff's version of it. The instruments were never signed by the defendant nor returned to plaintiff, but copies were received in evidence over the objection of defendant for the purpose of corroborating plaintiff's version of what the oral contract was. For that purpose they had probative value and there was no error in receiving them.

While respondent must prevail in this case, he has filed no brief nor did he appear orally to argue his case. He has been of no help whatever to this court in presenting whatever contentions he may have had as to why he should prevail. All statutory costs are disallowed respondent.

Affirmed.

MR. JUSTICE THOMAS GALLAGHER took no part in the consideration or decision of this case.